UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED NATIONAL INSURANCE
COMPANY, a Pennsylvania insurance company,

    Plaintiff,

    v.

THE PARK AT NORTH CREEK
HOMEOWNER'S ASSOCIATION, a
Washington non-profit corporation; TEC
HOLDINGS XII, LLC, a Washington limited
liability company; NC HOLDINGS I, LLC, a
Washington limited liability company B. CRAIG
GOURLEY, as an individual; ROBERT HARDY,
as an individual; ALLSTATE INSURANCE
COMPANY, an Illinois insurance company; and
JOHN AND MARY DOES, 1-300,

    Defendants.

CASE NO. C08-1046-JCC

ORDER

This matter comes before the Court on Defendants TEC Holdings XII, LLC, NC Holdings I, LLC, and B. Craig Gourley's Motion to Stay Proceeding Pending Resolution of the Underlying State Court Action (Dkt. No. 30), Plaintiff's Response (Dkt. No. 36), and Defendants' Reply (Dkt. No. 37).[1] The Court has carefully considered these documents, their supporting declarations and exhibits, and the balance of relevant materials in the case file, and has determined that oral argument is not necessary. For the reasons explained below, the Court hereby GRANTS the motion and rules as follows.

---

[1] Defendant The Park at North Creek Homeowner's Association filed a one-page Response, in which it stated that it "does not oppose" the motion to stay. (*See* Dkt. No. 35.)

ORDER – 1

## I. FACTUAL BACKGROUND

In this declaratory judgment action, Plaintiff United National Insurance Company ("United National") seeks a declaration that it owes no duty to defend and/or indemnify Defendants TEC Holdings XII, LLC, NC Holdings I, LLC, B. Craig Gourley, and Robert Hardy (collectively "TEC Holdings") in an underlying state court defective construction lawsuit (the "underlying action").

TEC Holdings owned the Park at North Creek apartments (the "Apartments") located in Snohomish County, Washington. (Mot. 3 (Dkt. No. 30).) Subsequently, TEC Holdings converted the Apartments into condominiums and sold units to individual owners. (*Id.*) The condominium unit owners formed The Park at North Creek Homeowner's Association (the "HOA"), a non-profit corporation. (*Id.*) Defendant B. Craig Gourley is a member of Defendant TEC Holdings XII, LLC and NC Holdings I, LLC, and served as a member of the HOA's first board of directors. (*Id.*)

In the underlying action, the HOA filed a construction defect and property damage lawsuit against TEC Holdings in Snohomish County Superior Court. (HOA Compl. (Dkt. No. 31 at 4–20).) The HOA asserted statutory and common law claims for breach of implied warranties, breach of implied warranty of habitability, breach of contract, breach of fiduciary duty, breach of duty to repair common elements, and violation of the Washington Consumer Protection Act. (*Id.* at ¶¶ 27–62.) The HOA contends that TEC Holdings caused the condominiums to be built or improved in a manner that has substantial deficiencies, falls below applicable standards for new construction, and lacks reasonable safety features. (*Id.* at ¶ 19.) The HOA asserts that the defective construction caused physical damage to the condominium, and that TEC Holdings has failed to meaningfully investigate and promptly repair the defects despite being made aware of the damage. (*Id.* at ¶¶ 20–22.) The HOA also alleges that TEC Holdings represented that it would repair the defective conditions of the condominium, but failed to do so. (*Id.* at ¶¶ 22–24.) The HOA alleges that Defendants B. Craig Gourley and Robert Hardy controlled the HOA board and breached their fiduciary duties to the HOA by failing to adequately address and correct the defective conditions of the condominium. (*Id.* at ¶¶ 54–56.)

ORDER – 2

TEC Holdings XII, LLC was insured by United National under two consecutive commercial general liability insurance policies ("CGL policy") with policy periods spanning from December 29, 2003, to December 29, 2005.[2] (United National Acceptance 1 (Dkt. No. 31 at 151).) The CGL policy provides that National Union

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(CGL Policy 1 (Dkt. No. 31 at 36).) The CGL Policy, however, contains a number of conditions of coverage. First, TEC Holdings must incur liability because of "property damage," which is defined as "[p]hysical injury to tangible property" or "[l]oss of use of tangible property." (*Id.* at 13.) Second, the property damage must be caused by an "occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," that takes place during the policy period and in the coverage territory. (*Id.* at 14.) And third, TEC Holdings and its employees must not have had knowledge of the property damage prior to the policy period. (*Id.* at 1.)

TEC Holdings tendered the defense of the underlying action to United National, which agreed to defend TEC Holdings under a reservation of rights on June 9, 2008. (United National Acceptance 1 (Dkt. No. 31 at 151).) On June 29, 2008, United National filed the instant declaratory judgment action, seeking a judicial determination that it has no duty to either defend or indemnify TEC Holdings against the HOA's claims in the underlying action. (*See* Compl. (Dkt. No. 1).) TEC Holdings now moves to stay the proceedings pending resolution of the underlying action. (Mot. (Dkt. No. 30).)

## II. ANALYSIS

TEC Holdings requests that the Court exercise its discretionary power to stay this declaratory judgment action pending resolution of the underlying state court action. (Mot. 1 (Dkt. No. 30).) TEC

---

[2] Defendant Allstate Insurance Company insured TEC Holdings XII, LLC and Mr. Gourley under a business liability policy from April 29, 2004, to April 29, 2006. (Allstate Acceptance (Dkt. 31 at 167).)

ORDER – 3

Holdings argues that four reasons justify a stay in this case: (1) the action predominantly revolves around state law factual issues that will necessarily be decided in the state court action; (2) United National engaged in impermissible forum shopping; (3) failure to stay this action raises the likelihood of inconsistent factual determinations and conflicting decisions between the state and federal court; and (4) failure to stay will prejudice TEC Holdings' defense in the state court action. (*Id.* at 2.)

### A. Legal Standard

Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper. *See* 28 U.S.C. § 2201(a)[3]; *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 277, 288 (1942). In enacting the Declaratory Judgment Act, "Congress . . . created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). In assessing a declaratory judgment action, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* The Act, therefore, confers on federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. But this discretion is not unfettered. Rather, prudential guidance for a district court's determination of whether to exercise its discretion to retain jurisdiction over a declaratory judgment action is found in *Brillhart* and its progeny. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) ("The *Brillhart* factors remain the philosophic touchstone for the district court.").

### B. Analysis Under *Brillhart* and Its Progeny

Under *Brillhart*, the primary factors to be considered in determining whether to exercise jurisdiction over a declaratory judgment action are: (1) avoiding needless determination of state law issues, (2) discouraging litigants from filing declaration judgment actions as a means of forum shopping, and (3) avoiding duplicative litigation. *Id.* at 1225.

---

[3] The statute provides that a district court "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added).

ORDER – 4

### 1. Needless Decision of State Law

"When parallel state proceedings involving the same issues and parties [are] pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Am. Cas. Co. v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999) (internal quotation and citation omitted). The parties in the federal and state cases need not be identical for there to be "parallel" proceedings that justify abstention in a federal declaratory action. *See Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1016–17 (9th Cir. 1995), *overruled in part on other grounds by Dizol*, 133 F.3d 1227; *Employer's Reinsurance Corp. v. Karussos*, 65 F.3d 796, 798–99 (9th Cir. 1995), *overruled in part on other grounds by Dizol*, 133 F.3d 1227.[4] Similarly, abstention may be warranted where the federal declaratory action "raises factual questions similar to those before the state court." *Karussos*, 65 F.3d at 800; *see Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, (9th Cir. 1996) ("It is enough that the state proceedings arise from the same factual circumstances."). The Ninth Circuit has explained that "concerns of 'practicality' and 'wise judicial administration' generally counsel against the exercise of federal-court jurisdiction over claims for declaratory relief that involve only state law questions brought during the pendency of a related state court proceeding." *Karussos*, 65 F.3d at 801.

The declaratory action here involves many of the same factual issues and nearly all of the same parties as the underlying state action. With the exception of the two insurance companies, United National and Allstate, the underlying state action involves the same entities and the individuals as the present action. (*See* HOA Compl. (Dkt. No. 31 at 4–20).) In addition, the resolution of the insurance coverage issues presented by this declaratory action depends on numerous factual determinations squarely at issue in the state liability action. *See Hungerford*, 53 F.3d at 1017 (explaining that "when an

---

[4] In *Dizol*, the Ninth Circuit overruled the suggestion from a line of cases, which included *Hungerford* and *Karussos*, that the court was obligated, *sua sponte,* to determine whether the exercise of discretionary jurisdiction was appropriate even though the issue was not raised by the parties. 133 F.3d at 1227. *Dizol* did not, however, overrule or affect the substantive abstention analysis from this line of cases.

ORDER – 5

ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court, the state court is the more suitable forum"). For example, whether the allegations in the underlying complaint are covered by the CGL policy depends, in part, on whether TEC Holdings or its employees had knowledge of "property damage" prior to the policy period. (*See* CGL Policy 1 (Dkt. No. 31 at 36).) This factual determination is at issue in the state action because the HOA alleges that TEC Holdings failed to repair defective construction despite being made aware of the damage and representing that it would fix the defects. (*See* HOA Compl. ¶¶ 20–24 (Dkt. No. 31 at 9–11).) Consequently, this declaratory action raises the risk that the Court would needlessly determine state law based factual issues already before the state court.

In *Karussos*, the Ninth Circuit found that abstention was appropriate under circumstances similar to the present case. 65 F.3d 796. There, the insurer sought a declaration in federal court that it had no duty to defend or indemnify its insured while it was defending the insured in state court. *Id.* at 798. The insurer contended that it had no duty to defend because the insured was aware of the underlying claim "prior to the effective date of his policy." *Id.* at 800. Even though the insurer was not a party to the state action, the court found that abstention was warranted because resolution of the coverage issues "turn[ed] on factual questions that overlap with those at issue in the underlying state court litigation." *Id.* Like the insurer in *Karussos*, United National's request for a declaration on its coverage obligations turns on factual determinations that overlap with those at issue in the state court action; and therefore, abstention will help avoid "the needless resolution of state law questions in federal court." *See id.* Moreover, the *Brillhart* policy of avoiding unnecessary declarations of state law is especially strong where, as here, the declaratory action "involves insurance law, an area that Congress has expressly left to the states," and "the sole basis of jurisdiction is diversity of citizenship." *Continental Cas. Co. v. Robsac*, 947 F.2d 1367, 1372 (9th Cir. 1991), *overruled in part on other grounds by Dizol*, 133 F.3d 1227. The Court therefore finds that the first *Brillhart* factor favors abstention.

ORDER – 6

## 2. Forum Shopping

The Ninth Circuit has explained that "federal courts should generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225. Thus, "if a declaratory judgment suit is defensive or reactive, that would justify a court's decision not to exercise jurisdiction." *Robsac*, 947 F.2d at 1371. Permitting a declaratory judgment action regarding insurance coverage to go forward "when there is a pending state court case presenting the identical issue would encourage forum shopping in violation of the second *Brillhart* principle." *Id.* at 1372–73. Although this action may not present legal issues identical to those pending in state court, United National's request for declaratory relief appears to be both reactive and defensive in nature. It filed this action shortly after it accepted TEC Holding's tender of the underlying claim. (*See* Compl. (Dkt. No. 1); United National Acceptance 1 (Dkt. No. 31 at 151).) Apparently, United National perceived some "tactical advantage from litigating in a federal forum." *See Robsac*, 947 F.2d at 1371. Because this action is reactive in nature, the Court finds that this factor slightly favors abstention.

## 3. Duplicative Litigation

This factor attempts to conserve judicial resources where abstention would avoid duplicative litigation. *Id.* at 1373. United National's declaratory action is not a "mirror image of the state suit," and the precise legal issues presented by the federal case are not before the state court. *See id.* Nevertheless, because United National's coverage obligations turn on facts to be determined in the state proceeding, this action presents the risk of duplicative fact-finding and potentially conflicting results. *See Hungerford*, 53 F.3d at 1017 (observing that "the facts necessary to resolve this insurance coverage claim could only have been developed through the state court proceeding"). Moreover, this declaratory action will not resolve the underlying dispute because the proceedings in state court will continue regardless of this Court's ruling on the coverage issues. In contrast, the resolution of the TEC Holdings' liability in the state proceeding could resolve the need for this declaratory action since United National's duty to indemnify hinges on TEC Holdings' actual liability to HOA. *See Hayden v. Mut. of Enumclaw Ins. Co.*, 1

ORDER – 7

P.3d 1167, 1171 (Wash. 2000) ("The duty to indemnify hinges on the insured's actual liability to the claimant and actual coverage under the policy."). Permitting the present action to proceed may waste judicial resources, and therefore the third *Brillhart* factor also favors abstention.

### 4. Additional Considerations

The *Brillhart* factors are not exhaustive and essentially require the district court to "balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (*quoting Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994)). Additional and other potentially relevant considerations include:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5 (*quoting Kearns*, 15 F.3d at 145 (J. Garth, concurring)). Ultimately, the district court is "in the best position to assess how judicial economy, comity and federalism are affected in given case." *Id.* at 1226.

On the one hand, some of these additional considerations weigh against abstention. First, this declaratory action will likely settle all aspects of the coverage controversy between United National and TEC Holdings. Second, the declaratory action may serve a useful purpose by clarifying the parties' legal relations with respect to insurance coverage. Third, there is no evidence that the declaratory action was brought for the purposes of "procedural fencing" or to obtain a "res judicata" advantage.

On the other hand, other considerations counsel in favor of abstention. For example, this declaratory judgment action raises a risk of "entanglement between the federal and state court systems." Although it is not clear at this time exactly which operative facts will determine the coverage issues, these facts will undoubtedly overlap with factual determinations at issue in the state court proceeding. This overlap may result in inconsistent factual findings, thereby creating friction between state and federal

ORDER – 8

courts. *See Hungerford*, 53 F.3d at 1019–20 ("[E]ven if the declaratory judgment would clarify the nature of the legal relationship at issue, such clarification would only come at the cost of increasing friction between state and federal courts, and would constitute an improper encroachment on state court jurisdiction."). In addition, this declaratory action raises concerns about "fairness to the litigants" because TEC Holdings, the insured, is being forced to fight a "two-front war." (*See* Mot. 2 (Dkt. No. 30).) Not only must TEC Holdings defend against liability to HOA in state court, but it must also defend against its insurer's declaratory action to preclude coverage in federal court. And, as TEC Holdings argues, factual determinations in this action have the potential to severely prejudice TEC Holdings' position in the underlying action. (*See* Reply 3 (Dkt. No. 37).) Finally, principles of federalism are "particularly weighty" in insurance cases because "states have a free hand in regulating the dealings between insurers and their policyholders." *Karussos*, 65 F.3d at 799 (quotation omitted). The Court therefore finds that the additional considerations, on balance, weigh in favor of abstention.

The *Brillhart* factors, which remain the "philosophic touchstone" for determining whether abstention is appropriate here, *Dizol* 133 F.3d at 1223, weigh in favor of abstention and a stay in this proceeding. Additional considerations of promoting comity, federalism, and fairness to the litigants also weigh in favor of abstention. Accordingly, the Court finds that a stay in this declaratory action is warranted and declines to exercise its discretionary jurisdiction until the underlying state court proceeding is resolved.

## III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Stay Proceedings Pending Resolution of the Underlying State Court Action (Dkt. No. 30). Accordingly, this declaratory judgment action is hereby STAYED until the underlying state court action is resolved.

ORDER – 9

SO ORDERED this 19th day of February, 2009.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 10